2003 WY 34

**EOG RESOURCES, INC., formerly Enron Oil & Gas Company, a Delaware corporation, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 02–69.

Supreme Court of Wyoming.

March 10, 2003.

Donald I. Schultz and John P. Glode of Holland & Hart, LLP, Cheyenne, Wyoming, Representing Appellant.

Hoke MacMillan, Attorney General; Vicci Colgan, Chief Deputy Attorney General; Thomas N. Long, Special Assistant Attorney General; James A. Fitzgerald, Special Assistant Attorney General; John M. Eaves and Derek V. Larson of Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A., Albuquerque, New Mexico; and Mary E. Walta of White, Koch, Kelly & McCarthy, P.A., Santa Fe, New Mexico, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, and VOIGT, JJ, and PERRY, D.J.

PERRY, District Judge.

[¶ 1]   In this matter EOG Resources, Inc. (EOG) appeals from the trial court's grant of the State's motion for voluntary dismissal of an action it instituted relating to certain revenues alleged due on oil and gas wells located in counties other than Laramie County.  Prior to the State's motion for voluntary dismissal, EOG moved to dismiss challenging the Laramie County district court's jurisdiction to hear the matter.  EOG asserts here that the district court was required to hear the jurisdictional challenge prior to any other motion to dismiss and, as such, EOG claims that the trial court was in error in granting the State's voluntary motion to dismiss.  We will affirm the ruling of the trial court.

### ISSUES

[¶ 2]   EOG defines the issues as:

1.   Did the district court lack jurisdiction over this litigation such that it should have dismissed this case pursuant to EOG Resources, Inc.'s Further Motion to Dismiss for Lack of Subject Matter Jurisdiction rather than the State of Wyoming's Motion to Dismiss under Wyo.R.Civ.P. 41(a)(2)?

2.   Assuming the district court had jurisdiction, did the district court abuse its discretion by granting the State of Wyoming's Motion to Dismiss under Wyo. R.Civ.P. 41(a)(2) Without imposing any curative terms and conditions of dismissal?

The State defines the issues as:

1.   Did the district court act properly in dismissing this case pursuant to the State of Wyoming's Motion to Dismiss under Wyo.R.Civ.P. ("Rule") 41(a)(2)?

2.   Was it an abuse of discretion for the district court to grant the State of Wyoming's Motion to Dismiss under Rule 41(a)(2) without imposing any terms or conditions on the State?

3.   Is the issue of the authority of the Attorney General to file the suit in the First Judicial District properly before the Court?  If it is, the Attorney General did have the authority to file the action which it filed in the First Judicial District.

### FACTS

[¶ 3]   In November of 2000, the State instituted proceedings in the district court, First Judicial District, Laramie County, raising several causes of action against EOG, including claims under the Wyoming Royalty Payment Act (WRPA).  Wyo. Stat. Ann. §§ 30–5–301 through –305 (LexisNexis 2001). The State's allegations raised claims as to all state leases with EOG, including those wells

located in counties other than Laramie County.[1]

[¶4] At the end of January, 2001, EOG filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction asserting that the State's action, pertaining to wells in counties other than Laramie County, contravened jurisdictional requirements in the WRPA. EOG asserted that any action under the WRPA must be filed in the county where the subject wells were located, and not in Laramie County.

[¶5] Amongst other procedural motions, EOG raised further elements to its jurisdictional challenge, claiming that the State's action had been filed without proper action by the State Board of Land Commissioners. Additionally, EOG twice moved to have the matter of jurisdiction certified to this Court. In August, 2001, the district court entered two orders, one of which certified the jurisdictional question.[2]

[¶6] Thereafter, in November, 2001, the State filed suit in the district courts of three other counties where wells were located and moved for a voluntary dismissal of the action it had originally filed in Laramie County. In February, 2002, the Laramie County district court granted the State's motion for voluntary dismissal. EOG timely processed this appeal claiming that the grant of the State's motion for voluntary dismissal was contrary to law, and an abuse of discretion.

### STANDARD OF REVIEW

[¶7] On review, questions of the application of the law, including identification of the correct rule, are considered *de novo*. *Fontaine v. Board of County Commissioners of Park County*, 4 P.3d 890, 892 (Wyo.2000). "In this instance, there is no contention that any genuine issue of material fact exists, and

our concern is strictly with the application of the law." *Id.* at 892 (citing *Kirby v. NMC/Continue Care*, 993 P.2d 951, 952 (Wyo.1999)).

[¶8] If the trial court had jurisdiction to entertain the State's voluntary motion to dismiss, then any order dismissing the case under Rule 41(a)(2), and any attendant terms and conditions, is subject to review under an abuse of discretion standard. *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir.1997).

### DISCUSSION

[¶9] EOG takes the position that it was improper for the trial court to dismiss the Laramie County action upon the voluntary motion of the State, absent an initial finding that it had subject matter jurisdiction pursuant to the WRPA and, in part, in accordance with the findings of this Court in *Weller v. Weller*, 960 P.2d 493 (Wyo.1998).

[¶10] The *Weller* case involved a child custody matter subject to the Uniform Child Custody Jurisdiction Act. Wyo. Stat. Ann. §§ 20–5–101 through –125. In *Weller*, appellant challenged subject matter jurisdiction after consenting to the proceedings in, and final determination by, the trial court. This Court held, "[t]he law is well established that, when a court lacks subject matter jurisdiction, action taken by that court, *other than dismissing the case*, is considered to be null and void." 960 P.2d at 496 (emphasis added).

[¶11] Pertinent to the proceedings in the present case, the trial court made no operative ruling other than to dismiss the action, which was, in part, relief sought under the claims made by EOG.

---

1. Wyo. Stat. Ann. § 30–5–303(b) (LexisNexis 2001) provides, in part: "The district court for the county in which a well producing oil, gas, or related hydrocarbons is located has jurisdiction over all proceedings brought pursuant to this article ... [.]" Arguably, this raises the question as to whether this particular statutory provision can limit jurisdiction in this manner in light of art. 5 § 10 of the Wyoming Constitution. This is a question for another day.

2. By order entered on September 9, 2001, this Court agreed to answer a certified question, which would have addressed the central issue in this case. By order entered on February 19, 2002, this matter was dismissed and the parties were informed that the question would be answered in another case. On September 19, 2002, we published the opinion, which resolved the dispute at the heart of this case. *BP America Production Company v. Madsen*, 2002 WY 135, 53 P.3d 1088 (Wyo.2002).

[¶ 12] Given the facts and circumstances of this case, and the nature of the ongoing litigation between these parties on the same subject matter, we find that entertaining the State's voluntary motion to dismiss was appropriate by the trial court.

[¶ 13] Finally, W.R.C.P. 41(a)(2) states in pertinent part that a voluntary dismissal may be granted, "upon order of the court and upon such terms and conditions as the court deems proper." EOG urges this Court to find that the trial court abused its discretion by failing to award EOG its attorneys' fees and costs.

[¶ 14] 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2366, at 302–317 (1995), sets forth the general considerations for the rule in question:

> The district court has no power to impose terms and conditions if a plaintiff properly dismisses by notice under Rule 41(a)(1). Nor may the plaintiff seek a conditional dismissal under that portion of the rule. If the dismissal is by stipulation under Rule 41(a)(1), the parties will negotiate the conditions on which they agree to the stipulation. Accordingly, the authority of the court to require "such terms and conditions as the court deems proper" is limited to a motion for dismissal under Rule 41(a)(2).
>
> Although the power to set terms and conditions is vested in the court, the plaintiff may move for dismissal on conditions stated in the plaintiff's motion; under these circumstances, the court either must grant the motion on the conditions offered or deny the motion. Dismissal would not be voluntary if more onerous conditions were imposed. The more common practice, however, is for the plaintiff simply to move for dismissal without mentioning conditions. The trial court then will specify on what conditions it will allow dismissal. If the conditions are too onerous, the plaintiff need not accept the dismissal on those terms.
>
> The terms and conditions imposed by the district court upon the granting of a motion for a voluntary dismissal under Rule 41(a)(2) generally are for the protection of the defendant; although, if one of several plaintiffs moves for the dismissal, conditions may be imposed for the protection of the remaining plaintiffs as well. The court may dismiss without conditions if conditions have not been shown to be necessary, but usually at least should require that the plaintiff pay the costs of the litigation.
>
> In imposing conditions the trial court is not limited to ordering the payment of taxable costs, but may require the plaintiff to compensate for all of the expense to which the defendant has been put. However, these costs cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily.
>
> The district court may require the plaintiff to pay the defendant's attorney's fees as well as other litigation costs and disbursements. It appears somewhat anomalous to require the payment of an attorney's fee if the plaintiff would not have been liable for the fee had the plaintiff lost the case on the merits, but the cases support this result. It is for the court, under the circumstances of the particular case, to decide whether payment of an attorney's fee should be required. The judge is not obliged to order payment of the fee. Furthermore, it has been held that if the dismissal is with prejudice, the court lacks the power to require the payment of attorney's fees, unless the case is of a kind in which attorney's fees otherwise might be ordered after termination on the merits.
>
> The terms and conditions that may be imposed under Rule 41(a)(2) are not limited to the payment of money. The district court may allow voluntary dismissal on the condition that the plaintiff produce documents or otherwise reduce the inconvenience to the defendant. It also may condition dismissal on the plaintiff's agreement not to assert certain claims in another action. The Supreme Court has held that a district court also may condition dismissal on the parties' agreement to allow the court to enforce the terms of a settlement agreement. In particular cases courts have refused to condition dismissal

on the requirement that further litigation be in federal court, or that defendants who have entered voluntary appearances be permitted to withdraw them.

The United States cannot be required to pay costs or disbursements as a condition of its voluntary dismissal of an action, unless statutory authority exits for the assessment of costs against the government. There is now general statutory authority to award costs against the United States, but it is limited to taxable costs and may not include the fees and expenses of attorneys. The fact that the costs taxable against the United States are limited might persuade the court not to exercise its discretion to permit dismissal if it would not permit dismissal by a private plaintiff without the condition that the plaintiff pay attorney's fees.

The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous. If the plaintiff accepts dismissal but does not meet the conditions, the order of dismissal may be made with prejudice. At least one court of appeals has held that the court explicitly must specify that failure to comply with the conditions will result in the entry of a dismissal with prejudice. A condition that the plaintiff pay the defendant's costs is satisfied only by the payment of the costs and not by the mere entry of a judgment against the plaintiff for the costs. The court may give the plaintiff the choice between a dismissal with prejudice upon payment of taxable costs and a dismissal without prejudice upon payment of the defendant's expenses. (Footnotes omitted.)

[¶ 15] These matters are within the sound discretion of the trial court and will not be disturbed absent a clear showing that there has been an abuse of judicial discretion. Determining whether the trial court abused its discretion involves the consideration of whether the court could reasonably conclude as it did, and whether it acted in an arbitrary or capricious manner. *Trujillo v. State*, 2 P.3d 567, 571 (Wyo.2000) (citing *Solis v. State*, 981 P.2d 34, 36 (Wyo. 1999)). "[A]n abuse of discretion is present 'when a material factor deserving significant weight is ignored.' *Triggs* [*v. Triggs*, 920 P.2d 653 (Wyo.1996)] at 657." *Reavis v. Reavis*, 955 P.2d 428, 431 (Wyo.1998).

[¶ 16] In matters such as this one, this Court will not second-guess the judgment of the trial court as the trial court is in the best position to assess the relative merits of claims made by a party for costs and fees. This Court finds that it was within the sound discretion of the trial court to deny EOG its costs and fees.

## CONCLUSION

[¶ 17] The trial court's dismissal of the Laramie County action was proper under W.R.C.P. 41(a)(2) and is affirmed.