# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 154

### OCTOBER TERM, A.D. 2013

### December 18, 2013

STERRETT PROPERTIES, LLC, 3 CREEK
RANCHES, LLC, Utah Limited Liability
Companies, and MORRIS R. STERRETT, an
individual,

Appellants
(Defendants),

v.

No. S-13-0126

BIG-D SIGNATURE CORPORATION, a
Wyoming Corporation,

Appellee
(Plaintiff).

*Appeal from the District Court of Teton County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellants:*
 Patrick J. Crank, Crank Legal Group, P.C., Cheyenne, Wyoming.

*Representing Appellee:*
 David F. DeFazio and Sarah E. Tollison, DeFazio Law Office, LLC, Jackson,
 Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    This matter is before this Court for a second time.  In *Big-D Signature Corp. v. Sterrett Props., LLC*, 2012 WY 138, 288 P.3d 72 (Wyo. 2012), we affirmed the district court's judgment against Appellants, Morris Sterrett, Sterrett Properties, LLC, and 3 Creek Ranches, LLC, and in favor of Appellee, Big-D Signature Corporation (Big-D), with respect to Big-D's claims under Prime Contract Change Order (PCCO) Nos. 1 and 2.  However, we reversed the district court's order dismissing Big-D's claims relating to PCCO Nos. 3 and 4.  Our decision also affirmed the district court's dismissal of the counterclaims asserted by Appellants. On remand, the district court granted Big-D's voluntary motion to dismiss its remaining claims.  In dismissing those claims the district court also dismissed all counterclaims of Appellants because they were "moot." Appellants challenge the district court's order dismissing their counterclaims.  Appellants also challenge the district court's denial of their request for costs and attorney's fees.  We affirm.

## ISSUES

[¶2]    Appellants present the following issues:

> 1. Did the district court abuse its discretion by dismissing Appellants' counterclaims?
>
> 2. Did the district court abuse its discretion by not awarding costs and attorney fees to Appellants?

## FACTS

[¶3]    The underlying facts of this case have been set forth in *Big-D Signature Corp. v. Sterrett Props., LLC*, ¶¶ 3-8, 288 P.3d at 74-75 and need not be repeated at length here. In 2008, three years after entering a home construction contract with Appellants, Big-D filed an action against Appellants alleging breach of contract and unjust enrichment. Appellants counterclaimed, asserting breach of contract.  The ensuing litigation concerned PCCO Nos. 1 and 2, which were signed by the parties, and PCCO Nos. 3 and 4, which were proposed but were never signed.  Big-D moved for summary judgment with respect to its claims under PCCO Nos. 1 and 2.  The district court granted that motion and entered judgment against Appellants in the amount of $441,612.41 on November 23, 2011.  The court ruled that "The remaining issues for trial are Big-D's claims for breach of contract and unjust enrichment related to PCCO Nos. 3 and 4 and the LLCs' and Mr. Sterrett's counterclaims for breach of contract related to delay." *Id.*, ¶ 7, 288 P.3d at 75.

1

[¶4]   The court subsequently entered an order, *sua sponte*, dismissing Big-D's claims with respect to PCCO Nos. 3 and 4 because those change orders had not been signed by the parties.  The order also dismissed Appellants' counterclaims.  The district court determined that the LLCs and Mr. Sterrett had failed to meet contractual requirements for bringing the claims and that the claims were for consequential damages, which were barred by the contract.  Both parties appealed.

[¶5]   On appeal, we affirmed the district court's grant of Big-D's motion for summary judgment with respect to amounts claimed due under PCCO Nos. 1 and 2.  *Id.*, ¶ 25, 288 P.3d at 78.  However, we reversed the district court's dismissal of Big-D's claims with respect to PCCO Nos. 3 and 4 after finding that Big-D could obtain relief if it demonstrated the existence of an oral agreement to modify the parties' contract.  *Id.*, ¶ 34, 288 P.3d at 81.  Finally, we affirmed the district court's dismissal of Appellants' counterclaims for damages caused by delay because the damages sought constituted consequential damages that were waived under the contract.  *Id.*, ¶ 38, 288 P.3d at 81.

[¶6]   On remand to the district court, Big-D filed a voluntary motion to dismiss its claims with respect to PCCO Nos. 3 and 4, stating that "Plaintiff has analyzed the costs and benefits in pursuing its claims regarding PCCO Nos. 3 and 4, and is opting not to pursue those claims any further."  According to Big-D, the value of its remaining claims was approximately $11,000.00.  Appellants objected to Big-D's motion to dismiss and asserted that "Final judgment regarding the amount owed is improper without first adjudicating Sterretts' counterclaims that credits are owed from Big-D improperly billing delay and consequential damages as escalation costs and failing to credit reductions in the scope of the work."  The district court granted Big-D's motion to dismiss after determining that all of Appellants' counterclaims had been dismissed in the original action, and that the dismissal had been affirmed by this Court.  The court concluded that, as a result of Big-D's voluntary dismissal, "the issues of whether a modification of the agreement occurred or what damages, if any, are recoverable [are] moot."

[¶7]   On April 3, 2013, the district court entered its order dismissing, with prejudice, Big-D's claims for relief under PCCO Nos. 3 and 4.  Although judgment in this action in the amount of $441,612.41 had been entered against them on November 23, 2011, Appellants responded to the dismissal order by filing a motion under W.R.C.P. 54 for costs and attorney's fees.  In response, Big-D sought sanctions against Appellants' counsel.  Before those motions were decided, Appellants filed this appeal.  Subsequently, the district court denied Appellants' motion for costs and attorney's fees and granted Big-D's motion for sanctions.  After briefing and just prior to assignment of this case to the Court's expedited docket, Appellants' original counsel withdrew from the matter and new counsel entered an appearance on behalf of Appellants.  Additional facts will be set forth as necessary in the discussion below.

2

## STANDARD OF REVIEW

[¶8]   We review a district court's decision to dismiss an action pursuant to Wyoming Rule of Civil Procedure 41(a)(2), governing voluntary dismissal, for an abuse of discretion. *EOG Res., Inc. v. State*, 2003 WY 34, ¶ 8, 64 P.3d 757, 759 (Wyo. 2003).  A district court's grant or denial of attorneys' fees and costs is also reviewed for abuse of discretion.  *Elk Ridge Lodge, Inc. v. Sonnett*, 2011 WY 106, ¶ 17, 254 P.3d 957, 962 (Wyo. 2011).

## DISCUSSION

### I.  Dismissal of Big-D's Remaining Claims Following Remand

[¶9]   In their first issue, Appellants contend the district court abused its discretion in granting Big-D's motion to dismiss because, according to Appellants, their "opposing claim to Big-D's claim for PCCO Nos. 3 and 4 remained pending" after our decision in *Big-D Signature Corp. v. Sterrett Props., LLC*.  Appellants claim that Big-D improperly billed consequential damages "under the guise of escalation charges" in each of the contract change orders.  Appellants assert that they counterclaimed in the original action, "seeking to have the contractually prohibited consequential damages, which had been paid under PCCO Nos. 1 and 2, credited when the district court finally adjudicated Big-D's claim for PCCO Nos. 3 and 4."  Appellants claim that, in granting Big-D's motion to dismiss, the district court "neglected the [Supreme] Court's remand directive to separate consequential damage payments from any legitimate escalation costs."

[¶10]  Big-D contends that Appellants had no counterclaims remaining following remand to the district court because this Court affirmed the district court's dismissal of Appellants' claims for damages caused by delay.  According to Big-D, the only issues that remained pending on remand were Big-D's claims relating to PCCO Nos. 3 and 4.  Big-D asserts that, because it voluntarily dismissed those claims, "the issues Appellants Sterrett raise in this appeal are moot."

[¶11]  Voluntary dismissal is governed by W.R.C.P. 41.  That rule provides, in relevant part, as follows:

> **Rule 41. Dismissal of actions.**
>
> (a) *Voluntary dismissal; effect thereof.* –
>
>> (1) By Plaintiff; by Stipulation. – Subject to the provisions of Rule 23(c), of Rule 66, and of any statute, an action may be dismissed by the plaintiff

3

without order of court: (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action . . . .

(2) By Order of Court. – Except as provided in paragraph (1), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the counterclaim shall remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Appellants correctly note that, under W.R.C.P. 41(a)(2), counterclaims generally survive the plaintiff's voluntary dismissal of an action. In this case, however, Appellants had no counterclaims remaining following our decision in the original appeal. As noted in that decision, the district court ruled that the only claims remaining following its grant of partial summary judgment to Big-D were "Big-D's claims for breach of contract and unjust enrichment related to PCCO Nos. 3 and 4 and the LLCs' and Mr. Sterrett's counterclaims for breach of contract related to delay." *Id.*, ¶ 7, 288 P.3d at 75. The district court, however, subsequently dismissed Appellants' counterclaims, and we affirmed that dismissal in the original appeal. Further, with respect to Appellants' allegations that Big-D improperly billed consequential damages under PCCO Nos. 3 and 4, that claim was no longer at issue on remand following Big-D's voluntary dismissal of its claims with respect to PCCO Nos. 3 and 4.

[¶12] Appellants nonetheless contend that our decision required the district court to adjudicate "the fact issues regarding how much credit is owed from Big-D billing delay and consequential damages as escalation charges" in conjunction with Big-D's claims relating to PCCO Nos. 3 and 4. We are unable to find any support for that assertion in our opinion.

[¶13] In our discussion of the district court's grant of summary judgment on PCCO Nos. 1 and 2, we noted that Appellants had argued that PCCO Nos. 1 and 2 were modified by "Big-D's obligation to credit the LLCs." *Id.*, ¶ 24, 288 P.3d at 78. We quoted deposition testimony from Appellants' agent indicating that the credits claimed by Appellants were for "price deducts, value engineering things that we changed in order to save money."

4

*Id.*, ¶ 23, 288 P.3d at 78. In affirming the grant of summary judgment, we determined that Appellants' claims for credit related to "future change orders" and that "Any credits that were to be applied in future PCCOs were a separate issue that related to PCCO Nos. 3 and 4, which were not decided in the summary judgment order." *Id.* We note that there is nothing in our opinion to suggest that Appellants claimed credits for improper billing of consequential damages by Big-D in PCCO Nos. 1 and 2, as they assert in this appeal.[1] In any event, our decision affirming the district court's entry of partial summary judgment against Appellants resolved any dispute as to whether Appellants were entitled to credits under PCCO Nos. 1 and 2. This fact is clearly indicated in our conclusion, where we stated "there are no genuine issues of material fact as to the original contract and PCCO Nos. 1 and 2. The *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* entered by the district court is affirmed as to that issue." *Id.*, ¶ 40, 288 P.3d at 82.

[¶14] Later in our discussion, after determining that Big-D's claims with respect to PCCO Nos. 3 and 4 were viable, we noted that the parties disagreed as to whether charges in PCCO Nos. 3 and 4 constituted escalation costs, which were permitted under the contract, or consequential damages, which were waived under the contract. We stated as follows:

> There is one more issue that must be discussed in conjunction with PCCO Nos. 3 and 4. That is the issue of escalation costs and consequential damages. Big-D classifies much of what is included in these change orders as escalation costs, which are permitted under the contract. On the other hand, the LLCs and Mr. Sterrett classify those same costs as consequential damages which are barred by the contract. This Court declines to go through PCCO Nos. 3 and 4 item by item to determine which are escalation costs and which are consequential damages. That will be a task for the district court on remand.

*Id.*, ¶ 35, 288 P.3d at 81. There is nothing in this paragraph to corroborate Appellants' contention that they have an outstanding claim for "contractually prohibited consequential damages, which had been paid under PCCO Nos. 1 and 2." Additionally, in our conclusion, we stated that "As to the contention of the LLCs and Mr. Sterrett that some of the items in PCCO Nos. 3 and 4 were consequential damages barred by the

---

[1] Additionally, we note that there is nothing in the record to support Appellants' assertion that they made such allegations in their counterclaim.

5

contract and not escalation costs, this Court will also remand that issue to the district court." *Id.*, ¶ 41, 288 P.3d at 82. Appellants' assertions that the claims of Big-D should be viewed as consequential damages barred by the contract is a defense to Big-D's claims. It is not a counterclaim. Big-D's dismissal of its claims rendered any contractual defense to the claims moot. The district court did not abuse its discretion in granting Big-D's motion to dismiss.

## II. Costs and Attorney's Fees

[¶15] In Appellants' second issue, they contend the district court abused its discretion in failing to grant their motion for costs and attorney's fees. Appellants claim they were entitled to costs and attorney's fees under W.R.C.P. 54 because they became the prevailing party as a result of the district court's grant of Big-D's motion to dismiss its remaining claims.[2] Additionally, Appellants assert that the district court abused its discretion by failing to award costs and attorney's fees under W.R.C.P. 41(a)(2), which, as noted above, provides that a voluntary dismissal may be granted "upon order of the court and upon such terms and conditions as the court deems proper." Despite the fact that a judgment of over $400,000.00 was entered against Appellants in this case, they claim that, "It is inequitable and an abuse of discretion for the Court to allow Big-D's voluntary dismissal without imposing any terms and conditions for the benefit of the Sterrett Owners, as the prevailing party under Rule 54."

[¶16] We note that Appellants' challenge to the district court's order on costs and attorney's fees was prematurely presented in this appeal. Appellants filed their original and amended notices of appeal with this Court approximately four months before the district court issued its order. However, despite the fact that Appellants' challenge has

---

[2] W.R.C.P. 54 provides, in relevant part, as follows:

> (d) *Costs; attorney's fees.* –
>
> > (1) Costs Other Than Attorney's Fees. Except when express provision therefor is made either in a statute or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .
> >
> > (2) Attorney's Fees.
> >
> > > (A) When allowed by law, claims for attorney's fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

been prematurely raised, we will address the issue on the merits in the interests of judicial economy.

[¶17]  We set forth general considerations relating to voluntary dismissal under W.R.C.P. 41(a)(2) in *EOG*.  With respect to costs and attorney's fees, we approved of the following discussion of the subject contained in a prominent treatise:

> The district court may require the plaintiff to pay the defendant's attorney's fees as well as other litigation costs and disbursements. It appears somewhat anomalous to require the payment of an attorney's fee if the plaintiff would not have been liable for the fee had the plaintiff lost the case on the merits, but the cases support this result. It is for the court, under the circumstances of the particular case, to decide whether payment of an attorney's fee should be required. The judge is not obliged to order payment of the fee. Furthermore, it has been held that if the dismissal is with prejudice, the court lacks the power to require the payment of attorney's fees, unless the case is of a kind in which attorney's fees otherwise might be ordered after termination on the merits.

*EOG*, ¶ 14, 64 P.3d at 760 (quoting 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2366, at 302-317 (1995)).  After setting forth these general principles, we stated that "In matters such as this one, this Court will not second-guess the judgment of the trial court as the trial court is in the best position to assess the relative merits of claims made by a party for costs and fees."  *EOG*, ¶ 16, 64 P.3d at 761.

[¶18]  The district court, in its order denying Appellants' motion for costs and attorney's fees, cited our discussion in *EOG*, as well as a decision from the 10th Circuit Court of Appeals holding that "A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice . . . absent 'exceptional circumstances.'" *Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008) (citing *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[W]hen a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again."). The district court found that "Defendants have not demonstrated 'exceptional circumstances' that, for example, Plaintiff made a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system. *Vanguard Envtl.*, 528 F.3d at 760." Ultimately, the district court concluded that Appellants were not entitled to costs or attorney's fees for any portion of the litigation:

> The dismissal of Plaintiff's claim with prejudice before

7

any adjudication was pursued on remand did not result in additional litigation fees or costs for Defendants. Defendants are not entitled to taxable costs or attorney's fees for the remand of this case. Likewise, because Defendants were not the successful party in *Big-D Signature Corp. v. Sterrett Properties, LLC*, 2012 WY 138, 288 P.3d 72, they are not entitled to taxable costs or attorney's fees for any portion of this litigation.

Additionally, in the portion of the court's order responding to Big-D's request for sanctions, the court stated that Appellants' request for costs and attorney's fees "needlessly increased the cost of litigation," that Appellants' claims were "unwarranted by existing law," and that "[Appellants'] allegations flagrantly disregard evidentiary support."[3]

[¶19] As indicated in the district court's order, the circumstances of the present case do not support Appellants' claim that the district court's failure to award costs and attorney's fees under W.R.C.P. 41(a)(2) was "inequitable." Further, we agree with the district court's conclusion that Appellants did not qualify as the "prevailing party" under W.R.C.P. 54 following our decision in the original appeal. A judgment of over $400,000.00 was entered against Appellants in this litigation. It would be absurd to classify Appellants as the "prevailing party." We find no abuse of discretion in the district court's denial of Appellants' request for costs and attorney's fees.

[¶20] Affirmed.

---

[3] As the issue is not before the Court in this appeal, we express no judgment on the district court's entry of sanctions against Appellants' original counsel.