# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 20

### OCTOBER TERM, A.D. 2013

February 11, 2014

MARGARET REYNOLDS and DAVID
REYNOLDS, husband and wife,

Appellants
(Plaintiffs),

v.

S-13-0087

JEAN B. MOORE, an individual, JUDITH
JAEGER and WILFORD JAEGER,
husband and wife,

Appellees
(Defendants).

*Appeal from the District Court of Teton County*
The Honorable Timothy C. Day, Judge
The Honorable Marvin L. Tyler, Judge

*Representing Appellants:*
Alan C. Stephens of Thomsen Stephens Law Offices, Idaho Falls, Idaho*; John D.
Bowers of the Bowers Law Firm, Afton, Wyoming. Argument by Mr. Stephens.

*Representing Appellee Jean B. Moore:*
Julie Nye Tiedeken and Sean W. Scoggin of McKellar, Tiedeken & Scoggin, LLC,
Cheyenne, Wyoming. Argument by Mr. Scoggin.

*Representing Appellees Judith Jaeger and Wilford Jaeger:*
Scott Paul Landry of Pratt & Landry, LLP, Lone Tree, Colorado.

*Before KITE, C.J., and HILL, VOIGT[†], BURKE, and DAVIS, JJ.*

* *An Order Allowing Withdrawal of Counsel was filed on October 25, 2013.*
[†] *Justice Voigt retired effective January 3, 2014.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1]    The district court dismissed Margaret and David Reynolds' negligence claims against Ms. Moore and their respondeat superior claims against her employers, Judith and Wilford Jaeger.  We conclude the district court erred by dismissing the Reynolds' complaint.  The mistake in the original summons served upon Ms. Moore was not fatal, and the district court obtained jurisdiction over her prior to the expiration of the statute of limitations.  Given the action against Ms. Moore was valid, the district court erred in dismissing the Reynolds' claims against the Jaegers because they were derivative and could not be maintained in their employee's absence..

[¶2]    We reverse and remand.

## ISSUES

[¶3]    The Reynolds present the following issues on appeal:

> I.    Did the district court err when it found that Defendant Moore was not sufficiently served for the court to obtain jurisdiction?
>
> II.    Did the district court err when it held that Moore sufficiently plead[ed] the affirmative defenses of insufficiency of process and insufficiency of service under Wyo. R. Civ.P. 12(b)(4) and (b)(5)?
>
> III.    Did the district court err when it dismissed Plaintiffs' complaint against the Jaegers because Plaintiffs' claims against the Jaegers were derivative of the claims asserted against Moore?

Ms. Moore and the Jaegers essentially restate the same issues with respect to the claims against each of them.

## FACTS

[¶4]    On March 4, 2008, Mrs. Reynolds and Ms. Moore were involved in an automobile accident in Jackson, Wyoming, and Mrs. Reynolds was injured.  At the time of the accident, Ms. Moore was employed by the Jaegers.

[¶5]    On February 21, 2012, the Reynolds filed a complaint against Ms. Moore and the Jaegers, asserting that Ms. Moore was negligent and, because she was acting in the course and scope of her employment at the time of the accident, the Jaegers were

1

responsible for her negligence. Ms. Moore was personally served with the complaint and summons at her residence in California on March 13, 2012. The summons incorrectly stated that she was required to respond within twenty days, instead of the thirty days allowed by W.R.C.P. 12[1] when service of process is accomplished outside the State of Wyoming. The summons also incorrectly stated that her response must comply with the Idaho Rules of Civil Procedure, rather than the Wyoming rules.[2]

[¶6] On April 2, 2012, Ms. Moore filed an answer asserting as affirmative defenses insufficient process and service of process under W.R.C.P. 12(b)(4) and (5). The Reynolds served Ms. Moore with a corrected summons on April 30, 2012 – sixty-nine days after filing their complaint. Ms. Moore filed a motion to dismiss the complaint alleging the errors in the first summons prevented the trial court from obtaining jurisdiction over her; the action was not deemed commenced under W.R.C.P. 3(b)[3] until the date of the second service; and the four year statute of limitations for personal injury actions in Wyo. Stat. Ann. § 1-3-105(a)(iv)(C) (LexisNexis 2011) had expired by the time she was served with the second summons. The district court granted her motion.

---

[1] Rule 12 provides in pertinent part:

>   (a) *When presented*. – A defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant, or if service be made without the state . . . within 30 days after such service[.] . . .

>   (b) *How presented*. – Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; (7) failure to join a party under Rule 19.

[2] Although licensed in Wyoming, the Reynolds' original attorney was located in Idaho, which may explain the errors. This Court allowed substitution of counsel for the Reynolds on October 25, 2013.

[3] Rule 3 states in relevant part:

>   (a) *How commenced*. – A civil action is commenced by filing a complaint with the court.

>   (b) *When commenced*. – For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on the defendant or on a co-defendant who is a joint contractor or otherwise united in interest with the defendant, within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made. . . .

[¶7]    The Jaegers then filed a motion to dismiss the respondeat superior action against them because the negligence claims against their employee, Ms. Moore, had been dismissed.  The district court granted the Jaegers' motion, stating "there can be no claims for relief that can be awarded by this Court against the Jaeger Defendants because all of Plaintiffs' claims against them are derivative of the claims asserted against Ms. Moore, which have been dismissed."  The Reynolds appealed.

## STANDARD OF REVIEW

[¶8]    The district court dismissed the Reynolds' complaint.  The issues in such cases are legal rather than factual because they pertain to the applicability of procedural rules and statutes.  *Hoke v. Motel 6 Jackson,* 2006 WY 38, ¶ 6, 131 P.3d 369, 373 (Wyo. 2006), citing *Hollingshead v. Hollingshead,* 942 P.2d 1104, 1106 (Wyo. 1997) and *EOG Resources, Inc. v. State,* 2003 WY 34, ¶ 7, 64 P.3d 757, 759 (Wyo. 2003).  Consequently, our standard of review is *de novo.  Id.  See also Ridgerunner, LLC v. Meisinger,* 2013 WY 31, ¶ 10, 297 P.3d 110, 114 (Wyo. 2013); *Swinney v. Jones,* 2008 WY 150, ¶ 6, 199 P.3d 512, 515 (Wyo. 2008).

## DISCUSSION

[¶9]    The district court granted Ms. Moore's motion to dismiss on the grounds the first summons was insufficient for the court to obtain personal jurisdiction over her and the statute of limitations had expired by the time she was served with the second summons.  The Reynolds argue the summons was not so radically defective to deprive the court of jurisdiction and, in any event, Ms. Moore was not prejudiced because she received actual notice and responded in a timely manner.

[¶10]   There is no question that the summons contained errors.  It incorrectly stated that Ms. Moore was required to respond within twenty days, instead of the thirty days allowed by W.R.C.P. 12(a) for defendants served outside of Wyoming.  The summons also improperly stated that Ms. Moore had to respond in accordance with the Idaho Rules of Civil Procedure rather than the Wyoming rules.  The core question on appeal is whether service of the first summons, with its errors, was sufficient to obtain personal jurisdiction over Ms. Reynolds and commence the action for purposes of the statute of limitations.  W.R.C.P. 4 states the requirements for a summons:

> (a) *Issuance of summons.* – Upon the filing of the complaint the clerk shall forthwith issue a summons to the plaintiff for service on the defendant. Upon the request of the plaintiff separate or additional summons shall issue against any defendants.

3

(b) *Form of summons.* – The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of the defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.[4]

[¶11] The district court relied on *Hoke,* in concluding the error with regard to the response time was fatal. The statement from *Hoke* emphasized by Ms. Moore and the district court is:

A summons is "the means of compelling a defendant to subject his person to the jurisdiction of the court from which the summons issues." *Pease Brothers, Inc. v. American Pipe & Supply Company,* 522 P.2d 996, 1001 (Wyo.1974) (quoting *State ex rel. Minihan v. Aronson,* 350 Mo. 309, 165 S.W.2d 404, 407 (1942)). Strict compliance with the requirements of service of process is mandatory. Any omissions of statements that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant. A judgment entered without proper service of the summons is void and subject to attack directly or collaterally.

*Id.,* ¶ 7, 131 P.3d at 374 (some citations omitted). The statement that "any omission" from the summons of the statements required by W.R.C.P. 4 is fatal is certainly broad. If we were to look at that statement in isolation, we would have to agree the error in the summons in this case was fatal given Rule 4 specifically requires the summons include "the time within which these rules require the defendant to appear and defend." W.R.C.P. 4(b). The statement from *Hoke* must, however, be considered in context and in accordance with other authorities. The purpose of service of process is to provide a defendant with notice and the opportunity to defend against the action. *Hoke,* ¶ 23, 131 P.3d at 381. *See also* 62B Am. Jur. 2d *Process* § 3 (2013). Notice and the opportunity to be heard are basic due process rights, and until a defendant is properly notified of an

---

[4] Ms. Moore agreed at the hearing on her motion to dismiss that the error in designating the applicable rules of procedure as Idaho rather than Wyoming may not have been fatal because identification of the relevant rules is not required by W.R.C.P. 4. Consistently, she does not, on appeal, provide cogent argument or pertinent authority to establish that the district court should have dismissed the Reynolds' complaint on that basis. *See Sands v. Brown,* 2013 WY 60, ¶ 2 n.1, 301 P.3d 128, 129 n.1 (Wyo. 2013).

action, the court lacks personal jurisdiction over the defendant. *Hoke,* ¶ 23, 131 P.3d at 381; 62B Am. Jur. 2d *Process* § 4.

[¶12] In *Hoke,* the plaintiff served the defendant with a summons which was not signed by the clerk of court under the seal of the court as required by Rule 4(b). She also failed to attach a copy of the complaint to the summons. As we noted in the opinion, the defects were not trivial. The requirement that a summons be properly signed and sealed "is to guarantee that the summons is legitimate and . . . attaching the complaint thereto is what notifies the defendant of the substance of the action against him." *Hoke,* ¶ 23, 131 P.3d at 381.

[¶13] Other Wyoming cases have applied the same reasoning to hold that service of process was ineffective. In *Gookin v. State Farm Fire & Cas. Ins. Co.,* 826 P.2d 229, 233-37 (Wyo. 1992), we held the plaintiff failed to obtain jurisdiction over the defendant through substituted service of process because the process server was not properly appointed by the court and the plaintiff did not comply with other notification provisions under the statutes applicable to service of process on an insurer. That case focused on strict compliance with statutory requirements for substituted service of process on a nonresident defendant. *Id.* at 234. Although the defendant received notice of the action from the Wyoming Insurance Commissioner, the errors in the service of process made the legitimacy of the action suspect.

[¶14] While *Hoke* stated that strict compliance with Rule 4 regarding the form of the summons is required, we also acknowledged in that decision that there are Wyoming cases holding that erroneous service of process may effectuate jurisdiction so long as the error in the summons is not radical. *Hoke,* ¶¶ 15-23, 131 P.3d at 378-82. One of the cases discussed in *Hoke* was *Clause v. Columbia Savings & Loan Ass'n,* 16 Wyo. 450, 95 P. 54 (1908). In *Clause*, the coroner served process on Columbia Savings & Loan because the sheriff was also originally named as a defendant in the action. After it was established that the sheriff was not an appropriate party, the savings and loan argued the sheriff should have served process rather than the coroner and, consequently, the service was not effective to commence the action for statute of limitations purposes.

[¶15] Rejecting the defendant's argument, the *Clause* decision stated:

> [I]t is not every irregularity or imperfection in a summons or service thereof which will deprive the court of jurisdiction, though it may justify or require setting aside of service upon motion, or the reversal of a judgment upon a proper application. To have the effect of failing to give jurisdiction the summons or service must be so radically defective that it would authorize a collateral impeachment of a judgment

5

rendered thereon; that is to say it must be void, and not merely voidable.

*Id*. at 59-60. *See also*, *L.C. Jones Trucking Co. v. Superior Oil Co.,* 234 P.2d 802, 808-09 (Wyo. 1951). In summary, this Court declared that form should not be held in higher regard than substance and technical defects that do not deprive the defendant of due process should not be permitted to work an injustice or deny substantial rights to the plaintiff. *Id*. at 60, citing Alderson on Judicial Wr. & Proc. c. 6, § 25. Given the defendant was personally served with legitimate process and therefore received notice of the action, the error in having the coroner rather than the sheriff serve the defendant did not deprive the court of jurisdiction. *Id.* The circumstances in *Clause* are clearly distinguishable from *Hoke* where the summons was not appropriately issued and the complaint was not attached, resulting in a lack of actual notice to the defendant of the legitimacy and substance of such action.

[¶16] More recently, in *Rosty v. Skaj,* 2012 WY 28, 272 P.3d 947 (Wyo. 2012), we reiterated the importance of compliance with the requirements for service of process, but held that service of a defendant by delivering the documents to his mother at his usual place of abode was sufficient even though he asserted she was not competent to accept service. The defendant failed to meet his burden of demonstrating his mother was incompetent and there was evidence that she told the defendant's sister about the documents and said they were for him. *Id.* at ¶¶ 22-26, 272 P.3d at 955-56.

[¶17] In the case at bar, the district court focused on the Reynolds' failure to appropriately advise Ms. Moore of the date a response was due. The only Wyoming cases we have been directed to addressing errors in the return date involved service by publication. *Emery v. Emery,* 404 P.2d 745 (Wyo. 1965) and *Nat'l Supply Co. v. Chittim,* 387 P.2d 1010 (Wyo. 1964). Service by publication is constructive rather than personal and is in derogation of common law; consequently, statutes and rules authorizing it must be strictly followed. *Nat'l Supply,* 387 P.2d at 1012. *See also WR v. Lee (In the Interest of DG),* 825 P.2d 369, 375 (Wyo. 1992). In addition to stating the wrong date for response, the plaintiffs in *Nat'l Supply* and *Emery* also failed to provide the requisite affidavits stating the last known address of the defendant or that the address was unknown and could not be ascertained with reasonable diligence. *Nat'l Supply,* 387 P.2d at 1011; *Emery,* 404 P.2d at 746-48. *See* W.R.C.P. 4(f) (requirements for service by publication).

[¶18] Given the lack of direct Wyoming authority on the effect of an improper date of return in a summons that is personally served, we turn to treatises and rulings from other jurisdictions. C. Wright, A. Miller, M. Kane, R. Marcus, A. Steinman, 4A Fed. Prac. & Proc. Civ. § 1088 (hereinafter Wright & Miller) discusses the effect of errors in the form of a summons under federal law. F.R.C.P. 4(a) and W.R.C.P. 4(b) provide very similar requirements for the form of a summons. Authority interpreting federal rules is

6

persuasive in interpreting our rules. *Baker v. Speaks,* 2013 WY 24, ¶ 33, 295 P.3d 847, 855 (Wyo. 2013).

[¶19] F.R.C.P. 4(a)(2) allows liberal amendment of process; consequently, errors which are technical and not prejudicial to the defendant typically are not fatal. Wright & Miller § 1088. The touchstone in determining whether an error is fatal is whether the defendant received proper notice, making the error harmless. *Id*. W.R.C.P. 4(n) similarly allows liberal amendment of a summons in Wyoming:

> *(n) Amendment.* At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Although W.R.C.P. 4(n) was not discussed by the parties or the district court in this case, its policy allowing liberal amendment of a summons at any time unless the rights of the defendant would be prejudiced indicates not all errors in the statements required by Rule 4(b) are fatal. *See also Deschenes v. Beall,* 61 Wyo. 39, 154 P.2d 524, 528 (1945) (indicating that erroneous summons may be amended).

[¶20] By employing the rationale that notice and prejudice are keys to the determination of whether an error is fatal or not, we are able to reconcile *Clause* with *Hoke.* In *Hoke,* the prejudicial errors of failing to obtain the proper signature and seal on the summons and attach the complaint were radical and did not provide the defendant with notice that the action was legitimate or the substance of the action. Under *Clause,* however, errors that are not radical and do not deprive the defendant of notice or otherwise prejudice the defendant, do not affect the court's jurisdiction. In other words, form should not be elevated over substance. *See Clause,* 95 P. at 60.

[¶21] Wright & Miller § 1088 also states: "[a] defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process." More precisely, "a summons specifying an incorrect time for the submission of an answer normally shall be deemed cured by the defendant's responding to the process by filing an answer." *Id. See also United Food & Commercial Workers Union v. Alpha Beta Co.,* 550 F.Supp. 1251, 1255 (N.D. Cal. 1982); *Krueger v. Lynch,* 48 N.W.2d 266 (Iowa 1951). Again, the dispositive inquiry addresses the quality of the notice and prejudice to the defendant.

[¶22] Ms. Moore cites *WR,* 825 P.2d 369, as authority that a defendant's appearance in an action does not waive the requirement for proper service of process. *WR* was an unusual case and does not mandate an expansive rule that all errors in service are prejudicial and may never be cured by the defendant's appearance. There, the agency

7

attempted to serve process on the mother in a parental rights' termination action by employing a statutory method of constructive service, but wholly failed to comply with the statutory and procedural requirements. *Id.* at 375-77. In the nomenclature of *Clause* and its progeny, the service of process was radically defective.

[¶23] Here, Ms. Moore was personally served with a summons signed and sealed by the proper authority, thereby giving it legitimacy. The complaint was also properly served, providing her with notice of the substance of the claims against her. The error which the district court considered fatal was the incorrect date of response. Ms. Moore, however, responded in a timely manner thereby curing any error in that regard, and she has not demonstrated any prejudice. Consequently, the error was not so radical that it rendered any subsequent judgment void and subject to collateral impeachment. Because the error was not fatal and Ms. Moore was served within sixty days, the action was deemed commenced under Rule 3(b) when the complaint was filed. The district court erred by dismissing the Reynolds' action against Ms. Moore.

[¶24] Our ruling that the action against Ms. Moore is valid is dispositive of the other two issues presented in this appeal. Specifically, we need not consider whether Ms. Moore properly raised the affirmative defenses of invalid process and invalid service of process under Rule 12. In addition, the basis for the district court's dismissal of the Reynolds' derivative claim against the Jaegers was that the claim against their employee, Ms. Moore, had been dismissed. In view of the fact that we have held Ms. Moore's dismissal improper, we do not need to determine whether a derivative claim may be pursued against the employer after the employee has been dismissed on a technicality.

[¶25] Reversed and remanded for proceedings consistent with this opinion.