# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 9

OCTOBER TERM, A.D. 2023

January 23, 2024

LEOPOLDO HERMOSILLO
ALVARADO,

Appellant
(Petitioner),

v.

S-23-0185

THE STATE OF WYOMING,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*

James O. Bardwell, Woodhouse Roden Ames & Brennan, LLC, Cheyenne, Wyoming.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kellsie J. Singleton, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]     Leopoldo Alvarado petitioned the district court to terminate his duty to register as a sex offender pursuant to Wyo. Stat. Ann. § 7-19-304 of the Wyoming Sex Offender Registration Act.  Under that statute, termination of the duty to register is only available to offenders who have been registered for at least ten years.  The district court denied the petition, concluding the time Mr. Alvarado spent on probation did not count toward the ten-year statutory prerequisite.  We conclude the district court's statutory interpretation is in error and reverse.

## *ISSUE*

[¶2]     Mr. Alvarado raises a single issue which we rephrase:

> Did the district court err when it interpreted Wyo. Stat. Ann. § 7-19-304 to mandate the successful completion of probation before the ten-year registration period begins?

## *FACTS*

[¶3]     The facts are undisputed.  Mr. Alvarado was convicted of sexual abuse of a minor in the third degree in December 2012 and was sentenced to five years of probation with a suspended period of incarceration.  Mr. Alvarado successfully completed his probation on March 21, 2018.  Following his conviction, Mr. Alvarado continuously registered as a sex offender for ten years.  In December 2022, he filed a petition to be removed from the registry under Wyo. Stat. Ann. § 7-19-304.  The prosecutor argued that Mr. Alvarado was not eligible for relief from the registration requirement because the ten-year prerequisite for his petition did not begin until after he completed probation.[1]  The district court agreed and denied Mr. Alvardo's petition.  This timely appeal followed.

## *STANDARD OF REVIEW*

[¶4]     "Statutory interpretation is a question of law that we review *de novo*."  *Wyo. Jet Ctr., LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 11, 432 P.3d 910, 915 (Wyo. 2019) (citing *Phoenix Vintners, LLC v. Noble*, 2018 WY 87, ¶ 10, 423 P.3d 309, 312 (Wyo. 2018)).  We afford no deference to the district court's determinations.  *Alpine Lumber Co. v. Capital W. Nat'l Bank*, 2010 WY 62, ¶ 6, 231 P.3d 869, 871 (Wyo. 2010) (citations omitted).

> When interpreting statutes, we seek the legislature's intent as reflected in the plain and ordinary meaning of the words used

---

[1] On appeal, the State has abandoned its argument to the district court and supports Mr. Alvarado's position.

in the statute, giving effect to every word, clause, and sentence. The plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary. Where there is plain, unambiguous language used in a statute there is no room for construction. The omission of words from a statute is considered to be an intentional act by the legislature, and this [C]ourt will not read words into a statute when the legislature has chosen not to include them.

*Minter v. State*, 2023 WY 35, ¶ 24, 527 P.3d 1249, 1254 (Wyo. 2023) (internal citations and quotation marks omitted).

## *DISCUSSION*

***The clear and unambiguous language of Wyo. Stat. Ann. § 7-19-304 does not require probation be completed before the ten-year registration period begins to run***.

[¶5] The district court found Wyo. Stat. Ann. § 7-19-304 unambiguously requires a "clean record" for ten years, and "[t]he offender cannot have a statutory clean record *until* he completes any probationary period." The language of the statute does not support the district court's interpretation. *See Vaughn v. State*, 2017 WY 29, ¶ 10, 391 P.3d 1086, 1091 (Wyo. 2017) ("We construe statutory provisions *in pari materia*, which requires that we give effect to every word, clause, and sentence according to the interplay between the provisions." (citation omitted)).

[¶6] Wyo. Stat. Ann. § 7-19-304, in pertinent part, provides:

> (a) The duty to register under W.S. 7-19-302 shall begin on the date of sentencing and continue for the duration of the offender's life, subject to the following:
>
> > (i) An offender specified in W.S. 7-19-302(g) or adjudicated as a delinquent for offenses specified in W.S. 7-19-302(j), who has been registered for at least ten (10) years, exclusive of periods of confinement and periods in which the offender was not registered as required by law, may petition the district court for the district in which the offender is registered to be relieved of the duty to continue to register if the offender has maintained a clean record as provided in subsection (d) of this section. Upon a showing that the offender has maintained a clean record as provided in subsection (d) of this section for ten (10) years, the district court may

2

order the offender relieved of the duty to continue registration;

.    .    .

(d)    An offender seeking a reduction in his registration period as provided in paragraph (a)(i) or (ii) of this section shall demonstrate to the court that he has maintained a clean record by:

(i)    Having no conviction of any offense for which imprisonment for more than one (1) year may be imposed;

(ii)    Having no conviction of any sex offense;

(iii)    Successfully completing any periods of supervised release, probation and parole; and

(iv)    Successfully completing any sex offender treatment previously ordered by the trial court or by his probation or parole agent.

Wyo. Stat. Ann. § 7-19-304(a)(i) and (d) (LexisNexis 2023).

[¶7]    Wyo. Stat. Ann. § 7-19-304(a)(i) defines an offender who may be eligible for relief from registration—an offender with a duty to register and who has been registered for a minimum of ten years. This subsection makes clear that the ten-year registration requirement excludes "periods of confinement and periods in which the offender was not registered as required by law." Mr. Alvarado registered immediately after the imposition of the sentence pursuant to Wyo. Stat. Ann. § 7-19-302(c)(ii).[2] For ten years, Mr. Alvarado

---

[2] Wyo. Stat. Ann. § 7-19-302(c)(ii) sets forth the time and place of registration:
(c)    Offenders required to register under this act shall register with the entities specified in this subsection and within the following time periods:

.    .    .

(ii)    Offenders who are convicted of an offense subjecting them to registration under this act but who are not sentenced to a term of confinement shall register immediately after the imposition of the sentence. The sheriff of the county where the judgment and sentence is entered shall register the offender and perform the related duties specified in W.S. 7-19-305 unless the offender does not reside in the county where the judgment and sentence is entered, in which case he shall register in the county

continuously complied with the registration requirements and had no periods of confinement, thus avoiding the statutory tolling periods identified in Wyo. Stat. Ann. § 7-19-304(a)(i).

[¶8]    It is undisputed that Mr. Alvarado was on probation for five of the ten years he registered as a sex offender.  Probation is not listed as a tolling event.  "The 'omission of words from a statute is considered to be an intentional act by the legislature, and this [C]ourt will not read words into a statute when the legislature has chosen not to include them.'"  *Minter*, ¶ 24, 527 P.3d at 1254 (quoting *BC-K v. State*, 2022 WY 80, ¶ 11, 512 P.3d 634, 638 (Wyo. 2022)); *Harrison v. State*, 2021 WY 40, ¶ 7, 482 P.3d 353, 356 (Wyo. 2021).

[¶9]    Subsection (a) defines an eligible offender as an offender who has been registered for at least ten years with a clean record as provided in subsection (d).  Wyo. Stat. Ann. § 7-19-304(a)(i).  Subsection (d) sets forth conditions that an offender must satisfy during the ten-year registration period.

[¶10]  Subsection (d) requires that a petitioner "shall demonstrate to the court that he has maintained a *clean record by*" meeting four conditions.  Wyo. Stat. Ann. § 7-19-304(d) (emphasis added).  The word "by" is a preposition meaning "through the agency or instrumentality of."    *By*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/by (last visited Jan. 19, 2024).  To show eligibility, the offender must meet all four conditions during the ten-year registration period.  The first two conditions address specified criminal offenses and direct that the offender have no convictions for these offenses.  The third mandates that an offender must have successfully completed all the terms of probation, and the fourth requires the successful completion of any sex offender treatment ordered by the court or other proper authority.  Subsection (d) does not modify the definition of an eligible petitioner under (a), and it does not require that any of the four conditions including probation be completed *before* the ten-year registration period commences.  An offender demonstrates a clean record during the ten-year period set forth in subsection (a) by proving compliance with subsection (d).  This is the only reading of the statute that gives effect to both subsections (a) and (d).

[¶11]  We note that our research has found no case law or other legal authority supporting a conflicting interpretation of analogous language in federal or other states' statutes.  To the contrary, the cases assume that the period of probation is included in the ten-year clean record calculation.  *See, e.g.*, *In re Hamilton*, 725 S.E.2d 393, 399 (N.C. Ct. App. 2012) (denial of 2011 petition for termination of duty to register reversed when undisputed evidence demonstrated petitioner's 2001 guilty plea was followed by successful participation in a sexual abuse treatment program and probation, and petitioner had not

---

in which he resides within three (3) working days[.]
Wyo. Stat. Ann. § 7-19-303(c)(ii) (LexisNexis 2023).

committed any new offenses); *United States v. Templin*, 354 F. Supp. 3d 1181, 1182–83 (D. Mont. 2019) ("Because Templin was released from prison on August 7, 2008, he became eligible to seek termination of his registration requirement as of August 2018 so long as he has maintained a 'clean record' in that 10-year period." Templin met the requirements after submitting 2013 report from his treatment provider.).

[¶12]   Under the plain and unambiguous language of Wyo. Stat. Ann. § 7-19-304(a)(i) and (d), Mr. Alvarado was not required to complete probation before the ten-year registration clock started.  We reverse the district court's denial of his petition and remand for the district court to consider whether he should be relieved of the duty to continue registration. *See* Wyo. Stat. Ann. § 7-19-304(a)(i) (Upon proper showing, "the district court may order the offender relieved of the duty to continue registration.").

[¶13]   Reversed and remanded for further consideration.