# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 17

OCTOBER TERM, A.D. 2025

February 5, 2026

IN THE MATTER OF THE ESTATE OF
LLOYD HAACK, deceased:

HOWARD E. HAACK and BAILEY N.
BAXTER, as Co-Personal Representatives of
the Estate of Lloyd Haack, deceased,

Appellants
(Respondents),

v.                                                          S-25-0097

KRISTY MARTINEZ,

Appellee
(Petitioner).

*W.R.A.P. 11 Certified Question*
*from the District Court of Fremont County*
**The Honorable Jason M. Conder, Judge**

*Representing Appellant:*
> Nikki E. Horton, Horton Legal, P.C., Riverton, Wyoming; Ann E. Davey, Vincent Davey Law Firm, Columbus, Montana; Aaron J. Vincent, Vincent Davey Law Firm, Riverton, Wyoming. Argument by Ms. Horton.

*Representing Appellee:*
> Paul K. Knight, Knight Law Offices LLC, Dubois, Wyoming. Argument by Mr. Knight.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**Hill, Justice.**

[¶1]   This matter comes before the Court on certified questions from the district court in the Ninth Judicial District, Fremont County.  The questions concern the filing of a petition to contest the validity of a will.  This Court accepted the certified questions in accordance with Rule 11 of the Wyoming Rules of Appellate Procedure.  We answer the first question in the negative.  We, therefore, do not answer the second question.

### CERTIFIED QUESTIONS

[¶2]   We agreed to answer the following questions:

1) Must an action, contesting the validity of a will, brought under W.S. § 2-6-301 et. seq, be filed as a completely new and separate civil action (with a different case number and case heading, entirely separate and apart from the Probate matter)?

2) If yes, is the failure to do so a jurisdictional defect?

### FACTS

[¶3]   When answering certified questions of law, we rely on the facts presented by the certifying court.  *Bankers Standard Ins. Co. v. JTEC, Inc.*, 2025 WY 51, ¶ 3, 567 P.3d 1183, 1186 (Wyo. 2025) (citing *Miech v. Sheridan County, Wyo.*, 2002 WY 178, ¶ 2, 59 P.3d 143, 145 (Wyo. 2002)).  The certifying court presented the following facts:

> Mr. Lloyd Haack ("Decedent") died on March 22, 2024.  On April 5, 2024, Ms. Shawn Renee Logan, who is of no familial relation to the Decedent, filed a *Petition for Probate and Motion to Produce Will.*  Ms. Logan asserted that she was the "financial advisor" of the Decedent and believed that he had a will designating her as the executor in a safety deposit box.  However, no such safety deposit box or will was located.  Rather, Mr. Howard Edward Haack, the Decedent's only living son, filed the Decedent's *Last Will and Testament* with the court on April 24, 2024.
>
> Subsequently, Mr. Howard Haack and Ms. Logan filed a *Joint Motion to Open Probate and to Issue Letters Testamentary.*  The Decedent's purported *Last Will and Testament* instructed that Mr. Howard Haack serve as personal representative and further bequeathed the entirety of the Decedent's sizeable estate to Mr. Howard Haack.  On May 2, 2024, the court admitted this estate to probate issuing *Letters of Testamentary* and appointed Mr. Howard Haack and Ms. Bailey Baxter as Co-Personal Representatives in accordance with the *Will* and pursuant to W.S. § 2-11-301.

1

On May 8, 2024, Ms. Logan filed a *Petition for Removal of Personal Representative and for Immediate Suspension of Personal Representative's Powers Pending Hearing on Petition.* This Petition alleged the *Will* was forged and sought removal of Mr. Howard Haack as Personal Representative. In response, Mr. Howard Haack sought to dismiss the Petition. After a hearing on July 12, 2024, the court dismissed Ms. Logan's Petition for lack of standing. However, the court determined that the Decedent's granddaughter, Kristy Martinez, was an heir at law and therefore had standing to seek the removal of Mr. Haack as personal representative.

Ultimately, Ms. Martinez filed a *Petition Contesting Validity of Will ("Petition Contesting Will")* pursuant to W.S. §§ 2-6-301 *et. seq.* She likewise filed a *Demand for Jury Trial,* paid the appropriate jury fee, and the Clerk of District Court issued a *Summons* for the Co-Personal Representatives. All of this was done and filed in the above-entitled probate matter. On July 29, 2024, the Co-Personal Representatives filed their *Answer* and alleged six affirmative defenses. Subsequently, the court held a scheduling conference, and on August 16, 2024, issued its *Jury Trial Case Management Order* — setting the jury trial on Ms. Martinez's *Petition Contesting Will.* After this, the parties seemingly engaged in a measure of discovery, yet ultimately the Co-Personal Representatives filed their *Motion to Dismiss* seeking this court's dismissal of *Petition Contesting Will.*

In their *Motion to Dismiss,* the Co-Personal Representatives asserts [sic] three arguments. First, because the *Petition Contesting Will* was filed within the probate docket, this court lacks subject matter jurisdiction to consider the will contest. Second, because the *Petition Contesting Will* did not initiate an entirely new and separate civil action, it must be dismissed. Third, because a will contest is a creature of statute, failure to strictly comply with statutes requires dismissal. In support of their arguments, the Co-Personal Representatives rely primarily on the Wyoming Supreme Court's holdings in *Matter of Estate of Meeker*, 2017 WY 75, 397 P.3d 183 (Wyo. 2017) and the *Matter of Estate of Rowe*, 2021 WY 87, 492 P.3d 888 (Wyo. 2021).

In response, Ms. Martinez argues that the above-mentioned authority does *not* require an entirely new civil case and docket but permits a will contest to be filed as a separate matter within the probate matter. She further claims that she strictly complied with all applicable statutes and supports her own proposition with the holding of *Gaunt v. Kansas University Endowment Ass'n of Lawrence, Kan.*, 379 P.2d 825 (Wyo. 1963) and *Russell v. Sullivan*,

2012 WY 20, 270 P.3d 677 (Wyo. 2012). On February 14, 2025, a hearing was held, and these issues of law were discussed.

(footnote omitted).

## STANDARD OF REVIEW

[¶4] "Certified questions are governed by W.R.A.P. 11. When there is no controlling precedent to a question of law, Rule 11.01 allows this Court to answer pure questions of law 'which may be determinative of the cause' pending in the certifying court." *Bankers Standard Ins.*, ¶ 11, 567 P.3d at 1187 (quoting *Sinclair Wyoming Ref. Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 10, 486 P.3d 990, 994 (Wyo. 2021)). The certified questions before us in this case present an issue of statutory interpretation. Statutory interpretation is a question of law subject to de novo review. *Id.*, ¶ 12.

## DISCUSSION

[¶5] The district court is correct; the past decisions of this Court provide no clear controlling precedent to answer the questions presented. We have not specifically interpreted the will contest statutes in the context of these questions. Although our case law does not appear to fully address the questions at hand, it provides several relevant principles.

[¶6] First, we have recognized that probate proceedings were unknown under common law. *In re Est. of Cheek*, 2002 WY 130, ¶ 11, 53 P.3d 113, 117 (Wyo. 2002). Accordingly, will contests are a creature of statute and the rights and procedures associated with will contests are only the rights and procedures provided by statute. *Gaunt v. Kansas Univ. Endowment Ass'n.*, 379 P.2d 825, 826 (Wyo. 1963). Under Wyoming statute, probate proceedings are separate and distinct from actions either at law or in equity. *Cheek*, ¶ 11 (quoting *Gaunt*, 379 P.2d at 826).

[¶7] Second, we have held a will contest must be filed in the probate court in which the will was admitted to probate, not the district court. *Gaunt*, 379 P.2d at 826-828 (interpreting an earlier version of Wyo. Stat. Ann. § 2-6-301 which, other than timing, contains the same language as the current version). Third, we have declared a will contest is collateral to the probate. *In the Matter of the Est. of Robert S. Meeker*, 2017 WY 75, ¶ 18, 397 P.3d 183, 188 (Wyo. 2017). "Although the probate and will contest are necessarily related, they are separate proceedings." *In the Matter of the Est. of Rowe*, 2021 WY 87, ¶ 14, 492 P.3d 888, 893 (Wyo. 2021) (citing *Meeker*, ¶ 16, 397 P.3d at 188; *Russell v. Sullivan*, 2012 WY 20, ¶ 14, 270 P.3d 677, 680 (Wyo. 2021)). We have never, however, addressed whether the separate proceeding is a separate proceeding within the probate, or an entirely separate action with its own docket number and case heading.

[¶8]    Because the rights and procedures for probate matters are only those provided by statute and our case law has not specifically answered these questions, the certified questions require this Court to examine the language of the statutes related to will contests. To do so we employ our rules of statutory interpretation.  When interpreting statutes, we seek to determine the Legislature's intent from the plain and ordinary meaning of the words used in the statute, giving effect to every word, clause, and sentence. *Alvarado v. State*, 2024 WY 9, ¶ 4, 541 P.3d 1097, 1099 (Wyo. 2024) (quoting *Minter v. State*, 2023 WY 35, ¶ 24, 527 P.3d 1249, 1254 (Wyo. 2023)).  "The plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary." *Id.* We resort to rules of statutory construction only if the language of the statute is ambiguous or subject to varying interpretations. *In re Calcon Mut. Mortg. Corp.*, 2014 WY 56, ¶ 9, 323 P.3d 1098, 1102 (Wyo. 2014).

[¶9]    A statute is clear and unambiguous if reasonable persons can agree on its meaning with consistency and predictability. *Id.*  "Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations.  If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute." *Id.* Differing opinions among the parties regarding the meaning of a statute may be evidence of ambiguity but is not conclusive. *Id.* (citing *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 43, ¶ 10, 154 P.3d 331, 334 (Wyo. 2007)).  Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Id.*

[¶10]  With these principles in mind, we consider the language of the will contest statutes. Wyoming statutes §§ 2-6-301 and -302 are of particular importance to the certified questions.  These sections provide:

> **§ 2-6-301 Filing and contents of petition to revoke**
> After a will has been admitted to probate, any person interested may, within the time designated in the notice provided for in W.S. 2-6-122 or 2-7-201, contest the will or the validity of the will.  For that purpose he shall file in the court in which the will was proved a petition in writing containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked.
>
> **§ 2-6-302 Summons and notification; proceeding governed by civil rules**
> Upon filing the petition, a summons shall be served upon the executors of the will and the clerk shall send notice by certified mail, with copy of petition attached, to all the legatees and devisees mentioned in the will and all the heirs, so far as known to the petitioner, or to their guardians if any of them are minors, or to their personal representatives if any of them are dead.  The summons, service and proceedings shall be governed by the Wyoming Rules of Civil Procedure.

4

Wyo. Stat. Ann. §§ 2-6-301 and -302.

[¶11]   The first sentence of § 2-6-301 provides the right for interested people to contest the will or the validity of the will.  *See Gaunt*, 379 P.2d at 826 (noting that proceedings to contest a will were unknown at common law; therefore, a contestant only has the rights given by the Legislature).  The second sentence provides three general requirements to do so.  To bring a will contest, an interested person must file a written petition in the court in which the will was proved.  The petition must be filed within the time set out by the notice provided for in either § 2-6-122 or § 2-7-201.  The petition must contain the allegations against the validity of the will or against the sufficiency of the proof and a prayer that the probate be revoked.

[¶12]   Section 2-6-302 then provides the procedural requirements for the will contest upon the filing of the petition.  The procedural requirements of § 2-6-302 include that a summons be served on the executors of the will and that notice be served by certified mail to specific individuals likely impacted by the outcome of the contest.  Section 2-6-302 further specifies that the summons, service, and proceedings shall be governed by the Wyoming Rules of Civil Procedure.  "It is a fundamental rule of statutory interpretation that all portions of an act must be read in pari materia[.]" *In re Calcon Mut. Mortg. Corp.*, ¶ 9, 323 P.3d at 1102 (quoting *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Singer*, 2011 WY 57, ¶ 12, 248 P.3d 1155, 1159 (Wyo. 2011)).  Thus, although these two sections govern different aspects of the will contest, they must be read together.

[¶13]   The Personal Representatives argue that under these statutes the will contest must be a new action in the probate court, not a proceeding within the already open probate matter.  They argue the will contestant must follow the rules of civil procedure to initiate the will contest.  More specifically, they argue a will contest action must be commenced in accordance with the Wyoming Rules of Civil Procedure.  They argue Rule 3 specifies that an action is commenced by filing a complaint with the court.  W.R.C.P. 3.  "Filing" with the court is defined by Rule 5 and requires that "initial pleadings (complaints or petitions) . . . be submitted in paper with the filing fee."  W.R.C.P. 5.  Rule 10 then provides every "pleading" must, among other things, have a caption, title, and a file number.  They assert the "filing" of the petition referred to in § 2-6-301, therefore, must be a new action separate from the probate matter but filed in the probate court.  We do not agree.

[¶14]   Section 2-6-301 does not contain language specifying the contest is commenced as any other civil action.  It also does not indicate the filing of the petition is governed by the rules of civil procedure.  Section 2-6-301 allows for a will contest and details the court in which the petition must be filed, the time in which the petition must be filed, and the required contents of the petition.

[¶15]   The Legislature then details, in § 2-6-302, the procedures to be followed "upon" the filing of the petition.  Section 2-6-302 specifies only certain portions of the Wyoming Rules

of Civil Procedure apply. If the Legislature intended all the rules of civil procedure to apply to the filing of the will contest, it could have easily said so. It did not. Instead, it specified "the summons, service and proceedings shall be governed by the Wyoming Rules of Civil Procedure" once the petition is filed. If the Personal Representatives are correct and the Legislature intended the whole of rules of civil procedure to apply, it would be unnecessary to state that particular rules apply. Statutes must be interpreted so no portion is rendered meaningless and the interpretation does not produce an absurd result. *Rodriguez v. Casey*, 2002 WY 111, ¶ 10, 50 P.3d 323, 326 (Wyo. 2002) (citing *Mazurek v. State*, 10 P.3d 531, 541 (Wyo. 2000)). The Personal Representatives' interpretation would render the specific reference to "the summons, service and proceedings" meaningless.

[¶16] "We are also guided by the full text of the statute, paying attention to its internal structure and the functional relation between the parts and the whole." *Id.* ¶ 10, 50 P.3d at 326–27 (citing *In re Worker's Comp. Claim of Johnson*, 2001 WY 48, ¶ 8, 23 P.3d 32, 35 (Wyo. 2001)). When it provided for the filing of the petition, the Legislature did not require the "filing" to be governed by the Wyoming Rules of Civil procedure. The Legislature provided the permission for and the requirements of a petition to contest a will in one section and the procedural requirements in the following section. Reading these two sections together shows that although aspects of the will contest are governed by the rules of civil procedure, the statutes contain no requirement the initial filing of the petition be governed by the rules which require a separate caption, title, and file number. We consider the omission of words from a statute an intentional act by the Legislature, and we will not read words into a statute when the Legislature has not included them. *Alvarado*, ¶ 4, 541 P.3d at 1099. Because the Legislature specified that only certain portions of the Wyoming Rules of Civil Procedure apply to a will contest, we cannot read into the statute the applicability of other rules. The Legislature specified only the summons, service, and proceedings once the petition has been filed are governed by the rules. We assume it did so intentionally.

[¶17] Other statutes show the Legislature knows how to make the entirety of the Wyoming Rules of Civil Procedure applicable to a matter when it intends to do so. It did so in Wyo. Stat. Ann. § 2-2-308 when it said, "[e]xcept as otherwise provided in the Probate Code, the provisions of the Wyoming Rules of Civil Procedure are applicable to and constitute the rules of practice for all proceedings, new trials or appeals." "We presume that the legislature acts intentionally when it uses particular language in one statute, but not in another." *Rodriguez*, ¶ 10, 50 P.3d at 327 (citing *In re Savage*, 218 B.R. 126, 132 (10th Cir.BAP1998)). The Legislature did not use similar language in the will contest statutes, and more importantly, it provided "otherwise" in § 2-6-302 making only certain rules applicable to the will contest.

[¶18] The Personal Representatives additionally argue if the will contest can be filed in the open probate matter, it makes little sense to require a summons to be served on the

6

executor of the will because he is already involved in the probate matter. Therefore, the Legislature must have intended the will contest to be an entirely separate action. This argument has some initial appeal. However, when we consider the nature of probate, a reason for a summons becomes clear. Our justice system is generally adversarial in nature; probate administration, on the other hand, is often not adversarial. *Est. of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 79, 319 P.3d 116, 134 (Wyo. 2014). "A probate proceeding in common form is generally ex parte in nature, not an action between parties, nor an adversarial suit or proceeding." 95 C.J.S. Wills § 459. Rather, it is an in rem action focusing on the decedent's estate. *See In re Est. of Trigg*, 368 S.W.3d 483, 496 (Tenn. 2012) (citing *Petty v. Call*, 599 S.W.2d 791, 793 (Tenn.1980)).

[¶19]   One scholar has observed, "[w]hile the probate court has subject matter jurisdiction, it does not obtain jurisdiction over the parties in the will contest proceeding until the summons has been issued." John A. Warnick, *The Ungrateful Living: An Estate Planner's Nightmare - the Trial Attorney's Dream*, 24 Land & Water L. Rev. 401, 427 (1989). In probate matters, the personal representative is not a traditional party in the sense that he is adverse to the others involved in probate. A will contest, on the other hand, is more adversarial in nature. The summons gives the participants in the will contest proper party status and responsibilities.

[¶20]   We acknowledged this concept in the *Merrill* case where we noted that much of Wyoming's probate code comes from California, and in California the right to contest a will is a proceeding in rem. *Merrill v. Dist. Ct. of Fifth Jud. Dist.*, 272 P.2d 597, 599 (Wyo. 1954) (citing *In re Baker's Est.*, 170 Cal. 578, 150 P. 989 (a proceeding to revoke a will.); 68 C.J. § 668, p. 926)). Accordingly, the court acquires subject matter jurisdiction when the petition for revocation of the probate of the will is filed. *Id.* However, personal jurisdiction is acquired with a summons. *Id.* A summons is "the means of compelling a defendant to subject his person to the jurisdiction of the court from which the summons issues." *Reynolds v. Moore*, 2014 WY 20, ¶ 11, 318 P.3d 362, 365 (Wyo. 2014) (quoting *Pease Bros., Inc. v. Am. Pipe & Supply Co.*, 522 P.2d 996, 1001 (Wyo. 1974)). It logically follows that to achieve formal personal jurisdiction over the personal representative, a summons needs to be issued.

[¶21]   In *Gaunt*, we further discussed *Merrill* and noted this Court had said a proceeding to revoke the probate of a will is not a civil action, but a proceeding provided for in our probate code. *Gaunt*, 379 P.2d at 827. When discussing whether the will contest petition was filed "in the court in which the will was proved," within the meaning of the statute, we additionally stated that the statutory reference to "the court in which the will was proved" was not intended by the Legislature to have a broad and inclusive meaning. *Id.* at 828. Otherwise, the parties seeking to contest a will could file their petition in another county of the same judicial district and argue there is only one district court for the entire district. *Id.* at 828. While not directly answering the current questions before us, this reasoning

7

indicates a rationale for the same court to hear both the will contest and the probate. Filing the will contest petition within the probate matter furthers this purpose.

[¶22] A close look at *Gaunt* also reveals the question presented for the court's consideration appears to recognize the will contest would be within the probate matter. In *Gaunt*, this Court described the question as, "[c]an a will admitted to probate in Wyoming be attacked in an action brought in a district court **when the action is not made a part of the probate proceedings** in which the will is being probated?" *Gaunt*, 379 P.2d at 826 (emphasis added). As stated by one observer of the *Gaunt* case, "[t]here would seem to be little doubt that alleging that a testator is of unsound mind and memory at the time the will was made is an attack on the validity of the probate instrument and **should be made a part of the probate proceeding** in the district court in which the will is being probated." William H. Vines, *Probate Procedure – Distinctions between the Probate and Civil Arms of the District Courts – Gaunt v. Kansas Univ. Endow. Ass'n*, 19 Wyo. L. J. 241 (1965) (emphasis added).

[¶23] In addition to their arguments about the language of the Wyoming Rules of Civil Procedure, the Personal Representatives rely on *Matter of Est.* of *Rowe*, 2021 WY 87, 492 P.3d 888 (Wyo. 2021) to support their position that a will contest must be a separate action with its own case number and heading. Although *Rowe* is helpful for an understanding of some matters related to probate, *Rowe* highlights a difference in the statutory language of other probate code provisions. *Rowe* involved an estate's petition under Wyo. Stat. Ann. § 2-7-614 for permission to sell two vehicles. *Id.*, ¶ 3, 492 P.3d at 890. However, the ownership of the vehicles and their inclusion in the decedent's estate was in dispute. *Id.* ¶ 4, 492 P.3d at 890–891. This Court held the order appealed was not a final appealable order but went on to address additional issues to provide guidance to the parties and the court. *Id.* ¶ 6, 492 P.3d at 891.

[¶24] Under the heading "Title to Disputed Property Must be Determined in an Action Separate from the Probate of an Estate," we noted that the estate petitioned the probate court to sell property when the ownership of that property was in dispute and the estate can only sell property belonging to the decedent. *Id.* ¶ 13, 492 P.3d at 893. Thus, the estate skipped a critical step when it petitioned the probate court to sell property whose ownership was disputed. *Id.* We further stated that the ownership dispute could not be resolved within the estate administration. *Id.*

[¶25] Citing §§ 2-2-201 and 2-7-104, we explained that issues regarding whether the estate or a third party owns the property claimed by the estate are resolved in a separate proceeding. In relevant part, when discussing the jurisdiction of the probate courts, Wyo. Stat. Ann. § 2-2-101 provides, "an **action** may be brought and maintained . . . by or against the personal representative in the district court, sitting in probate, seeking any legal or equitable remedy as to any interest in property, real or personal, in which the estate asserts or claims any interest." (emphasis added). Wyoming statute § 2-7-104 provides:

***Actions*** for the recovery of any property, real or personal, or for the possession thereof, or for the destruction, wasting, conversion, injury, taking or carrying away thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all ***actions*** founded upon contract, may be maintained by and against the personal representative in all cases in which the ***action*** might have been maintained by or against their respective testators or intestates.

(emphasis added).

[¶26] Both statutes expressly refer to "actions." Accordingly, our analysis in *Rowe* subsequently defined the term "action." "An 'action' generally is defined as a judicial proceeding in which one asserts a right or seeks redress for a wrong." *Rowe*, ¶ 16, 492 P.3d at 894 (citing 1 Am. Jur. 2d *Actions* § 4, Westlaw (database updated May 2021)). We then stated, "[t]here can be no doubt that the 'action' . . . means an ordinary proceeding in a court of justice, involving process, pleadings and ending in a judgment." *Id.* (citing *Roberts v. Roberts*, 62 Wyo. 77, 89, 162 P.2d 117, 120 (1945)). "A civil action is commenced by filing a complaint with the court. W.R.C.P. 3. After that, the Rules of Civil Procedure provide for the usual procedures of civil litigation, which were generally bypassed when the probate court resolved the dispute over property ownership by the expedient, but incorrect, order granting the petition of [the] estate to sell property pursuant to Wyo. Stat. Ann. § 2-7-614." *Id.*

[¶27] Neither the portion of § 2-2-101 we referenced in *Rowe* or § 2-7-104 pertain to will contests. Likewise, the will contest statutory sections also do not use the word "action." The differences in these statutory provisions demonstrate that the Legislature knows how to use the term "action" when it intends something more akin to a wholly separate action. It is also worth noting, § 2-7-614 uses the word "petition" to describe the instrument the estate files when it seeks permission to sell property. That "petition" is handled within the probate matter. The will contest statutes also utilize the term "petition." Thus, it is consistent to interpret the Legislature's use of the word "petition" in the will contest statutes as similarly contemplating something filed within the probate matter, not a new action with its own caption and heading.

[¶28] Although the matter in *Rowe* was not a will contest, our opinion does mention will contests. Specifically, we stated:

The personal representative of an estate is charged with marshalling the decedent's assets "and paying out of them any debts and other claims against the estate. It also involves the division and distribution of what remains." *Matter of Est. of Britain*, 2018 WY 101, ¶ 24, 425 P.3d 978, 986 (Wyo. 2018) (quoting Black's Law Dictionary (10th ed. 2014)). Related matters such as will contests must be brought in a separate proceeding. In *Matter of Estate*

9

*of Meeker*, 2017 WY 75, ¶ 16, 397 P.3d 183, 188 (Wyo. 2017), we explained that "[a]lthough the probate and will contest are necessarily related, they are separate proceedings." *Id.* (citing *Russell v. Sullivan*, 2012 WY 20, ¶ 14, 270 P.3d 677, 680 (Wyo. 2012)).

*Rowe*, ¶ 14, 492 P.3d at 893. We cited *Meeker* for the proposition that a will contest is a separate proceeding. Thus, it is helpful to also examine *Meeker*.

[¶29] *Meeker*, unlike *Rowe*, did involve a will contest. *Matter of Est. of Meeker*, ¶¶ 1-7, 397 P.3d at 185. In *Meeker*, the decedent's long-time companion and designated personal representative of the estate filed for the probate of Mr. Meeker's will. *Id.*, ¶ 4. The Meeker children filed a petition contesting the validity of the will. *Id.*, ¶ 6. The Meeker children filed their contest over two months after the request for probate, but within the deadline to file a will contest. *Id.* The Meeker children filed their contest in the open probate matter.[1] At the same time they filed the contest, the Meeker children filed a motion for peremptory disqualification of the judge. *Id.* The issue in the case was whether the Meeker children had timely filed their motion to disqualify the judge. *Id.*, ¶¶ 3 and 8. The personal representative argued the filing for disqualification was untimely because she was the plaintiff for purposes of the probate and her filing for probate commenced the action amounting to "service of the complaint on the defendants" under W.R.C.P. 40.1(b)(1). *Id.*, ¶ 17. Thus, she argued the Meeker children were required to file their motion for disqualification within thirty days after service of the probate petition.

[¶30] This Court held the Meeker children had timely filed their motion to disqualify. In doing so, we reasoned:

> Like the district court, Ms. Wagner fails to recognize that a will contest is collateral to the probate. She did not become the "plaintiff" for purposes of the will contest when she filed the petition for probate because commencement of the probate did not equate to commencement of the will contest. In *Wood* [*v. Wood*, 164 P. 844, 851 (Wyo. 1917)], we recognized the distinction between the probate and the will contest and identified the will contestant as the plaintiff. Similarly, 95 C.J.S. *Wills* § 516 (2017) states that in an action to set aside a will, the contestant is the plaintiff: "Where a will has been submitted for probate, a plaintiff challenging the will must avail themselves (sic) of the statutory remedy of a will contest to prove or set aside the instrument." We, therefore, conclude that, for purposes of applying Rule 40.1, the will contestants are considered plaintiffs.

---

[1] The district court noted at its hearing on the motion to dismiss, it had engaged in a "frolic and detour" into the filings of the *Meeker* case. The court explained the Meeker children filed multiple actions. The Meeker children filed their will contest in the probate matter and then later also filed a new civil action. The *Meeker* case considered by this Court was the will contest proceeding within the probate case.

The Meeker children's will contest was commenced upon filing the petition to revoke the probate of the will. Rule 40.1 required the Meeker children, as petitioners/plaintiffs, to file their motion for peremptory disqualification within five days after filing their petition because, by that time, the judge had already been assigned to the probate. The Meeker children timely filed their motion to peremptorily disqualify the assigned judge when they filed it the same day they filed their will contest.

*Meeker*, ¶¶ 18-19, 397 P.3d at 188–89 (some citations omitted).

[¶31] Two important principles can be gathered from *Meeker*. First, *Meeker* illustrates what we noted in ¶ 19 above – the summons serves an important purpose for establishing proper party status and party responsibilities. Proper party status is important for other procedural rules. More specifically, because § 2-6-302 provides that the rules of civil procedure apply to the proceedings of a will contest, proper party status is critical. *See also Matter of Blaney's Est.*, 607 P.2d 354, 357 (Wyo. 1980) (explaining the benefit of a separate proceeding such as the identification of specific issues, admissions, denials, and defenses). In addition to motions to disqualify a judge considered in *Meeker*, a scholar has explained:

> The Wyoming Rules of Civil Procedure govern the summons, service and proceedings of will contests. Thus, if the contestant desires a jury trial he must make a timely demand. Likewise, the proponent should file an answer to the petition brought on by the contestant. While the petition isn't a complaint per se, the reference in Wyoming statutes section 2-6-302 that the Wyoming Rules of Civil Procedure shall govern the proceedings arguably leaves the door open for the allegations in the petition to be treated as a complaint, and failure to answer would subject the proponent to a motion for default judgment.

John A. Warnick, 24 Land & Water L. Rev. at 427 (footnotes omitted).

[¶32] Second, the will contest was filed within the open probate matter, and this Court did not identify the filing as problematic. Accordingly, the holding and reasoning in *Meeker* must be understood in the context of the fact that the will contest at issue was filed within the open probate matter. Although we stated, "the procedure for a will contest is essentially the same as any civil action," the will contest at issue was within the open probate. *Meeker*, ¶ 15, 397 P.3d at 188. We further stated, the contestant files a petition "containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked." *Id.* (citation omitted). These procedures are not bypassed when the will contest is filed within the probate. After filing his petition to revoke

the probate, the contestant serves the executor of the will and the proceedings are governed by the rules of civil procedure. Wyo. Stat. Ann. § 2-6-302.

[¶33] We further expounded that by requiring a person who wishes to contest a will to follow the procedure for initiation of a new civil action, the statutes demonstrate that a will contest is separate from the probate of the will. *Meeker*, ¶ 15, 397 P.3d at 188. But again, we must recall the posture of Meeker — the will contest was filed within the probate. Thus, to any extent our wording created the impression that a will contest requires the initiation of a new civil action with a separate heading and title, we take this opportunity to clarify it does not. The emphasis of *Meeker* is that the will contest is indeed a separate proceeding, but that separate proceeding can be within the open probate matter. As the district court described it, "a case within a case."

[¶34] In *Meeker*, without expressly saying, we appear to recognize that a will contest is filed in the probate action and is simply treated as a separate distinct proceeding from the actual administration of the estate. A close look at the language of the statutes does not convince us otherwise. The statutes simply do not require an entirely new and separate civil action with a different case number and heading. We continue to hold that a will contest is collateral to probate. It is collateral in terms of "accompanying as secondary or subordinate." *Collateral*, Merriam-Webster's New Collegiate Dictionary (10th ed. 1999).

[¶35] Lastly, having the will contest as a separate proceeding within the probate matter is logical considering the impact of the result of the will contest. Wyoming statute § 2-6-303 provides "[i]f upon trial, the jury, or if no jury, the court decides the will is invalid or that it is not sufficiently proved to be the last will of the testator, the probate shall be annulled and revoked." Thus, if the will contest is successful, the probate is annulled and revoked. The outcome of the will contest has a direct correlation to whether the probate may continue. It follows that if the outcome of the will contest can terminate the probate, then the will contest is a separate matter within the probate.

## CONCLUSION

[¶36] In summary we answer the certified questions as follows:

1) A petition contesting the validity of a will, brought under § 2-6-301 is not required to be a completely new and separate civil action with a different case number and case heading entirely separate and apart from the probate matter.

2) Because we answered the first question in the negative, we do not answer the second question.