# THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 32

**OCTOBER TERM, A.D. 2025**

**March 9, 2026**

AARON R. MAKI,

Appellant
(Defendant),

v.

S-25-0166

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Matthew F.G. Castano, Judge*

*Representing Appellant:*

Donna D. Domonkos of Domonkos Law Office, LLC, Cheyenne, Wyoming. Argument by Ms. Domonkos.

*Representing Appellee:*

Keith G. Kautz, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General. Argument by Mr. Burton.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Aaron R. Maki entered into a plea agreement wherein he agreed to plead guilty to certain charges in exchange for a deferred sentence under Wyoming Statute § 7-13-301 (2023).  At the sentencing hearing, the State informed the district court Mr. Maki might not be eligible for a deferred sentence because he previously received a deferred sentence in a misdemeanor case in 1996, although his probation in that case was ultimately revoked and he never received a discharge and dismissal of the underlying offense.  The district court found Mr. Maki was not eligible for a second deferred sentence, and it imposed a suspended prison sentence.  On appeal, Mr. Maki asserts the district court erred when it found he was ineligible for a deferred sentence.  We reverse and remand.

## ISSUE

[¶2]    The dispositive issue in this case is: Did the district court err when it ruled Mr. Maki was ineligible for a deferred sentence?[1]

## FACTS

[¶3]    The State charged Mr. Maki with one count of felony conspiracy to commit theft and one count of felony theft for helping another person steal three spools of copper wire and a generator from a ranch in Campbell County.  While out on bond for those charges, Mr. Maki was arrested and charged with four new misdemeanors: driving while under the influence; eluding; reckless driving; and speeding 80 mph in a 45-mph zone.  Mr. Maki was able to reach a global plea agreement with the State to address these charges.  Mr. Maki agreed to plead guilty to one count of felony conspiracy to commit theft, one count of misdemeanor theft, one count of misdemeanor driving while under the influence, and one count of misdemeanor eluding.  The State agreed to recommend the following sentences: a deferred sentence pursuant to Wyoming Statute § 7-13-301 on the felony conspiracy charge, with three years of supervised probation; a sentence of 180 days in jail, with all but 30 days suspended, on the theft charge; a sentence of 180 days in jail, with all but 10 days suspended, on the driving while under the influence charge; and a sentence of 180 days in jail, with all but 10 days suspended on the eluding charge.  The misdemeanor jail sentences would run concurrently with each other.  The State would dismiss the remaining misdemeanor counts.

[¶4]    The district court accepted Mr. Maki's guilty pleas at a change of plea hearing, but it deferred sentencing pending the completion of a presentence investigation (PSI).  When the PSI was completed, the State learned for the first time that Mr. Maki had previously

---

[1] Mr. Maki also raised the issue of whether the prosecutor committed misconduct when she informed the district court that he might be ineligible for a deferred sentence.  Because we find his first issue to be dispositive, we will not address his second issue.

1

received a deferred sentence for a misdemeanor driving while under the influence charge in 1996. Mr. Maki's probation was ultimately revoked in that case in 1997, and the district court entered his misdemeanor conviction. The PSI also revealed Mr. Maki had an extensive criminal history with more than 30 misdemeanor charges and numerous traffic citations and moving violations.

[¶5] At the sentencing hearing, the State informed the district court it had agreed to recommend a deferred sentence, and it continued to stand by that recommendation. However, the State informed the district court it was concerned about the deferred sentence Mr. Maki had received in 1996. The State believed because Mr. Maki had already received one deferred sentence, he was ineligible for a second deferral, even though he did not receive a discharge and dismissal of the misdemeanor charge. The State indicated it had no intent to deviate from the plea agreement, but it was concerned the "law may not allow this [c]ourt to impose a deferred sentence [] on the felony conspiracy to commit theft if he already received one back in 1996." The State further indicated the 1996 deferral did not show up in the NCIC database, and the State was completely unaware of the previous deferral at the time it entered into the plea agreement with Mr. Maki. Because the State believed the 1996 misdemeanor deferral legally precluded the district court from entering a deferred sentence and because Mr. Maki had previously been advised he could not withdraw his plea if the district court declined to follow the plea agreement, the State made an alternative sentencing recommendation. The State recommended four–six years in prison, suspended in lieu of probation, on the felony conspiracy charge, and an additional ten days in jail on the misdemeanor theft charge. If the district court felt a deferred sentence was still a legally valid option, the State indicated it intended to stand by the plea agreement. Mr. Maki argued he was still eligible for a deferral because he had not received a discharge and dismissal of the 1996 misdemeanor offense and he had no prior felony convictions.

[¶6] After considering the arguments of the parties, the district court ruled:

> [H]aving reread 7-13-301 and then putting into context of other things an interpretation of that statute that if you were unsuccessful on a 301 that you get another shot at it is contrary to at least this [c]ourt's common sense. So the [c]ourt is going to decline to treat this under 7-13-301.

The district court sentenced Mr. Maki to two–four years in prison and suspended the sentence in lieu of three years of supervised probation on the felony conspiracy charge. On the misdemeanor theft charge, the district court sentenced Mr. Maki to 180 days in jail. He was given credit for 20 days served, ordered to serve an additional 10 days in jail, and the rest of the sentence was suspended. His sentence on the theft charge would run concurrently with his sentence on the conspiracy charge. This appeal timely followed. The

district court stayed the imposition of Mr. Maki's sentence, including the conditions of his probation, pending this Court's decision on his appeal.

## STANDARD OF REVIEW

[¶7]    "This Court applies a de novo standard of review to issues of statutory interpretation." *Lynch v. State*, 2026 WY 8, ¶ 5, 582 P.3d. 908, 909 (Wyo. 2026) (citing *In re Birkholz*, 2019 WY 19, ¶ 13, 434 P.3d 1102, 1105 (Wyo. 2019)).    "We afford no deference to the district court's determinations." *Alvarado v. State*, 2024 WY 9, ¶ 4, 541 P.3d 1097, 1099 (Wyo. 2024) (citation omitted).

> When interpreting statutes, we seek the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute, giving effect to every word, clause, and sentence. The plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary. Where there is plain, unambiguous language used in a statute there is no room for construction. The omission of words from a statute is considered to be an intentional act by the legislature, and this Court will not read words into a statute when the legislature has chosen not to include them.

*Id*. (quoting *Minter v. State*, 2023 WY 35, ¶ 24, 527 P.3d 1249, 1254 (Wyo. 2023)).

## DISCUSSION

[¶8]    The district court concluded Wyoming Statute § 7-13-301 precludes a defendant from getting "another shot" at a deferred sentence if he did not successfully complete his probation and receive a discharge and dismissal in the first misdemeanor prosecution.  The plain language of the statute imposes no such restriction.

[¶9]    Wyoming Statute § 7-13-301(a) states, in relevant part:[2]

> (a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to . . . any felony except murder, sexual assault in the first or second degree, aggravated assault and battery or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a

---

[2] Wyoming Statute § 7-13-301(a) also provides that defendants charged with second or subsequent counts of certain misdemeanors are ineligible to receive a deferred sentence.  Mr. Maki's charge does not fall within that class of statutorily excepted misdemeanors.

judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed thirty-six (36) months upon terms and conditions set by the court.

If a defendant violates a term or condition of his probation before his conviction has been discharged under Wyoming Statute § 7-13-301, the district court may either enter his conviction and "impose sentence upon the defendant" or order that the defendant be tried on the original charge as if he had not pled guilty or been convicted. Wyo. Stat. Ann. § 7-13-301(c). If a defendant successfully completes his probation, he receives a discharge and dismissal of the offense, which is "not a conviction for any purpose." Wyo. Stat. Ann. § 7-13-301(d). The legislature has determined a defendant "shall" only receive one "discharge and dismissal" under Wyoming Statute § 7-13-301 "or under any similar section of the probationary statutes of any other jurisdiction." Wyo. Stat. Ann. § 7-13-301(e).

[¶10] Although Mr. Maki has an extensive history of misdemeanor charges, he had not previously been convicted of any felony at the time he agreed to plead guilty to the charges in this case. Therefore, he was still "a person who [had] not previously been convicted of any felony" under Wyoming Statute § 7-13-301(a). Further, while he had received a deferred sentence in 1996 on a misdemeanor charge, his probation was revoked and he never received a "discharge and dismissal" for that charge.[3] Therefore, Mr. Maki could receive a discharge and dismissal for the felony conspiracy charge without running afoul of the provisions of Wyoming Statute § 7-13-301(e). Under the plain language of Wyoming Statute § 7-13-301, Mr. Maki remained eligible for a deferred sentence in this case.

[¶11] The State relies on language from our decision in *Rawson v. State* where we described the deferred sentencing statute as a "manifestation of legislative grace" that is not intended "to be invoked repetitively." 900 P.2d 1136, 1139 (Wyo. 1995). However, the question in *Rawson* was whether Ms. Rawson was entitled to the benefit of a discharge and dismissal under the Wyoming statute when she had already received a similar benefit under a Colorado statute. *Id.* We concluded Ms. Rawson failed to present evidence establishing she had not been convicted of a felony in Colorado, or alternatively, if her conviction had not been entered, then she had already received the benefit of a Colorado statute like Wyoming Statute § 7-13-301. *Id.* Therefore, she did not "qualify as a first offender under our statute." *Id.* Unlike Ms. Rawson, the evidence in the record shows Mr. Maki never received the benefit of a "discharge and dismissal" in this or any other jurisdiction, and he has not previously been convicted of a felony. Therefore, despite his

---

[3] We note if the charge for which Mr. Maki received the deferred sentence in 1996 had been a felony, he would now be ineligible for a deferred sentence because when his probation was revoked, the court would likely have entered a conviction for that felony charge under Wyoming Statute § 7-13-301(c), and he would no longer have been "a person who [had] not previously been convicted of any felony."

misdemeanor convictions and previous unsuccessful deferred sentence, he qualifies for treatment as a first offender under Wyoming Statute § 7-13-301.

[¶12]   As discussed above, "[w]hen interpreting statutes, we seek the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute[.]" *Alvarado*, 2024 WY 9, ¶ 4, 541 P.3d at 1099.  To determine the legislature's intent, we look to statutes relating to the same subject and consider those statutes in harmony. *Rosen v. State*, 2022 WY 16, ¶¶ 12–13, 503 P.3d 41, 45 (Wyo. 2022).  Our conclusion that Mr. Maki is eligible for a deferred prosecution under Wyoming Statute § 7-13-301 is confirmed when we compare the language the legislature used in Wyoming Statute § 7-13-301 to the language it used when crafting the deferred sentencing statute included in the Wyoming Controlled Substances Act.  Wyoming Statute § 35-7-1037 (2023) states:

> Whenever any person **who has not previously been convicted of any offense** under this act or under any statute of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under W.S. 35-7-1031(c) or 35-7-1033(a)(iii)(B), or pleads guilty to or is found guilty of using or being under the influence of a controlled substance under W.S. 35-7-1039, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Any term of probation imposed under this section for a felony offense shall not exceed the maximum term of probation authorized under W.S. 7-13-302(b). Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. **Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under W.S. 35-7-1038. There may be only one (1) discharge and dismissal under this section with respect to any person**. This section shall not be construed to provide an exclusive procedure. Any other procedure provided by law relating to suspension of trial or probation, may be followed, in the discretion of the trial court.

(Emphasis added). Wyoming Statute § 35-7-1037 expressly excludes a person convicted of "any offense" from being eligible for a deferred sentence for a controlled substances offense. By contrast, Wyoming Statute § 7-13-301(a) does not use the term "any offense," but instead uses the term "any felony." If the legislature intended to preclude a defendant convicted of any previous misdemeanor from obtaining a deferred sentence under Wyoming Statute § 7-13-301, it could have used the same "any offense" language it used in Wyoming Statute § 35-7-1037. Instead, it chose the narrower phrase "a person who has not previously been convicted of any felony," and we presume that choice was intentional. *See Alvarado*, 2024 WY 9, ¶ 4, 541 P.3d at 1099 (quoting *Minter*, 2023 WY 35, ¶ 24, 527 P.3d at 1254). Because Mr. Maki has never been convicted of "any felony," he remains eligible for a deferred sentence under Wyoming Statute § 7-13-301(a).

[¶13] We note that while Mr. Maki is still eligible for a deferred sentence, his plea agreement was entered pursuant to Rule 11(e)(1)(B) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.), and the district court is not bound by the plea agreement. *See Frederick v. State*, 2007 WY 27, ¶ 21, 151 P.3d 1136, 1143 (Wyo. 2007) ("A recommendation under W.R.Cr.P. 11(e)(1)(B) is not binding on the court, and the defendant does not have the right to withdraw the plea."). Therefore, the district court still has the discretion to decide whether Mr. Maki is an appropriate candidate for a deferred sentence. *See Frederick*, ¶¶ 16–32, 151 P.3d at 1141–46 (finding the district court had the discretion to reject a plea agreement for a deferred sentence after considering a wide variety of factors about the defendant and his crimes); *Rawson*, 900 P.2d at 1139–40 (holding a district court has full discretion to decide whether to grant a deferred sentence under Wyoming Statute § 7-13-301 even though the defendant and State consent to its application). A review of the record in this case shows the district court refused to grant the deferred sentence because it found Mr. Maki was legally ineligible for such a sentence, not because it found in its discretion that such a sentence was inappropriate. Because the district court misinterpreted Wyoming Statute § 7-13-301, Mr. Maki's sentence must be reversed, and his case must be remanded for a new sentencing hearing.

## CONCLUSION

[¶14] The district court incorrectly found Mr. Maki is ineligible for a deferred prosecution under Wyoming Statute § 7-13-301. Because Mr. Maki has never previously been convicted of a felony and has not received a "discharge and dismissal" of any charge under Wyoming Statute § 7-13-301 or a similar statute in any other jurisdiction, he is still eligible for a deferred sentence. The district court has the discretion to decide whether such a sentence is appropriate in this case. We reverse Mr. Maki's sentence and remand this case for a new sentencing hearing.